IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CELINE SA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 CV 008829 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Celine SA ("Plaintiff") in this "Schedule A" case moves for preliminary injunction and entry of default and default judgment against thirteen defaulting defendants ("Defendants"). For the following reasons, the Court denies Plaintiff's motion for preliminary injunction [32] and grants in part and denies in part Plaintiff's motion for entry of default and default judgment [36].

**BACKGROUND**

Plaintiff alleges that it is a "world-famous luxury brand engaged in the business of styling and selling a diverse portfolio of ready-to-wear men's and women's apparel, fashion accessories, and leather goods (collectively, the "Celine Products")." (Dkt. 1 at ¶ 7). Plaintiff claims the Celine Products are "instantly recognizable," (*Id.* at ¶ 8), and, "[a]s a result of their long-standing use," Plaintiff owns common law trademark rights and has registered its trademarks with the United States Patent and Trademark Office (the "Celine Trademarks"). (*Id.* at ¶ 12). Plaintiff alleges that Defendants advertise, distribute, offer for sale, and sell counterfeit Celine Products using unauthorized versions of the Celine Trademarks. (*Id.* at ¶ 33).

1

On August 22, 2025, Plaintiff filed a motion for preliminary injunction. During the August 29th motion hearing, the Court directed Plaintiff to "file an affidavit with the information found in discovery that supports the motion for preliminary injunction." (Dkt. 34). Plaintiff filed the affidavit along with a motion for entry of default judgment and default judgment on the same day. In that motion, Plaintiff moves this Court to enter a default judgment against Defendants, ordering that (a) Defendants are liable on all counts of Plaintiff's complaint; (b) Plaintiff is entitled to an award of $500,000 in statutory damages against each Defendant; (c) Plaintiff is entitled to a permanent injunction prohibiting Defendants from selling counterfeit Celine Products; (d) Defendants are prohibited from transferring assets out of their financial accounts; and (e) all current and newly discovered assets in Defendants' financial accounts, including those operated by PayPal, Alipay, and WhatsApp, up to the amount of the damages awarded be transferred to Plaintiff. (Dkt. 36).

**DISCUSSSION**

   **I.** **Preliminary Injunction**

To obtain a preliminary injunction, the moving party must demonstrate that (1) it has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) without such relief, it will suffer irreparable harm. *E.g., Valencia v. City of Springfield,* 883 F.3d 959, 965 (7th Cir. 2018). If the moving party satisfies these requirements, the Court will thereafter conduct a balancing test, weighing the harm the plaintiff will face without the preliminary injunction against the harm the defendant will suffer with the preliminary injunction. *See Valencia,* 883 F.3d at 965. The Court should also weigh the effects of the preliminary injunction on the public interest, or non-parties to the lawsuit. *See id.* It is the moving party's burden to show that the preliminary injunction is warranted. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam).

Any injunction issued by a court is subject to later modification. *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 627 (7th Cir. 2007). "Courts grant injunctive relief with the

2

understanding that there will be an 'opportunity for modifying or vacating [the] injunction when its continuance is no longer warranted.'" *St. John's United Church of Christ*, 502 F.3d at 627 (internal citations omitted). District courts consider the same factors for dissolving an injunction as those applied when initially granting an injunction. *See, e.g., Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto,* 2022 WL 17176498, at *1–*2 (N.D. Ill. Nov. 23, 2022) (Pallmeyer, J.).

Plaintiff fails to show that circumstances supporting the temporary restraining order still exist. Plaintiff, with the benefit of expedited discovery, fails to incorporate to the motion for preliminary injunction any information learned in discovery to show that Plaintiff is still likely to succeed on the merits. To be sure, Plaintiff's motion for preliminary injunction consists of a series of boilerplate statements, the majority of which are not specific to the circumstances of this case. Despite this Court's order directing Plaintiff to submit an affidavit with the information obtained through expedited discovery thus far that supports its motion for preliminary injunction, Plaintiff failed to do so. Indeed, the affidavit filed by Plaintiff contains no reference whatsoever to such requested information. Instead, the affidavit, much of which is based on the affiant's past "experience", is concerned only with the basis for the request to continue freezing Defendants' financial accounts. The complete lack of newly discovered information—or, in the alternative, reasons why Plaintiff could *not* discover the information—gives this Court little confidence that Plaintiff is likely to succeed on the merits. If Plaintiff needed more time to discover this information, Plaintiff should have requested an extension of the temporary restraining order. Plaintiff's decision to seemingly force this case through the litigation process, in the hopes of receiving a handsome payout, is improper and the Court will not reward Plaintiff for these actions.

In support of its motion for preliminary injunction, Plaintiff asks the Court to continue restraining the funds in all Defendants' seller accounts. District courts "generally do *not* have the

3

authority to preliminarily restrain assets where a plaintiff seeks a money judgment." *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) (Chang, J.) (internal citations omitted). An exception to the rule applies where a plaintiff seeks an equitable remedy in relation to that monetary judgment, such as an accounting of profits. *Deckers,* 2013 WL 12314399, at *2. Plaintiff initially sought such equitable remedy here. (Dkt. 1) (requesting relief "[t]hat Defendants account for and pay to [Plaintiff] all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged…"). Plaintiff also relied on this requested relief in its motion for temporary restraining order. (*See* Dkt. 14, at 11 ("Celine's Complaint seeks, among other relief, that Defendants account for and pay to Celine all profits released by Defendants by reason of Defendants' unlawful acts.")). But now, Plaintiff requests that the Court continue restraining the assets in Defendants' financial accounts for the purpose of paying Plaintiff's requested statutory damages award, not to obtain an accounting of profits. (Dkt. 32 at 5–6); *see Mercis B.V. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations in Schedule A,* No. 25 C 378, 2025 WL 1434927, at *5 (N.D. Ill. May 19, 2025) (Durkin, J.) (same holding). This exceeds the Court's authority, so the asset restraint must be lifted as to all Defendants.

## II. Entry of Default/Default Judgment

Default judgment requires two steps: (1) the establishment, or entry, of the default; and (2) the actual entry of a default judgment. *See* Fed. R. Civ. P. 55(a)–(b). "Upon entry of default, 'the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Myles v. Reighter,* 2018 WL 1542391, at *2 (N.D. Ill. Mar. 28, 2018) (Castillo, J.) (quoting *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.,* 811 F.3d 247, 255 (7th Cir. 2016)). To receive a default judgment, "the plaintiff must still establish his entitlement to the relief he seeks." *Slabon v. Sanchez,* 2023 WL 3451274, at *2 (7th Cir. 2023) (quoting *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.,* 811 F.3d 247, 255 (7th Cir. 2016). *See also United*

4

*States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972) (holding that the entry of default "does not of itself determine rights").

The Lanham Act allows for statutory damages in cases "involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(c). A plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed," and no more than $2,000,000 per counterfeit mark if the defendant's conduct is willful. *Id.* at § 1117(c)(1)–(2).

The district court enjoys broad discretion to award statutory damages. *See* 15 U.S.C. § 1117(a) (advising that district court may "enter judgment for such sum as the court shall find to be just"); *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *6 (N.D. Ill. Feb. 28, 2020) (Chang, J.). To assess trademark infringement damages, courts analogize case law applying the statutory damages scheme for copyright infringement, 17 U.S.C. § 504(b). *See, e.g.*, *Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (Leinenweber, J.); *River Light V, L.P. v. Zhangyali*, 2016 WL 4429758, at *3 (N.D. Ill. Aug. 22, 2016) (Shah, J.). "In setting the amount of statutory damages, the Court considers factors like 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future . . . infringement.'" *Volkswagen*, 2020 WL 977969, at *6 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)).

Plaintiff's requested relief here is entirely baseless. First, Plaintiff requests $500,000 in statutory damages per Defendant. But Plaintiff fails to provide any meaningful description of "the circumstances of the infringement." *Id.* For example, Plaintiff provides no information about the duration of Defendants' infringing activity, Defendants' profits made in connection with the infringing activity, Defendants' estimated sales volume, Plaintiff's lost revenue, or the value or reputation of the Celine Trademarks. As other courts in this district have held, "statutory damages must 'bear some

5

relation' to actual damages." *Entm't One UK Ltd.*, 384 F. Supp. 3d at 953 (citing *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2017 WL 836228, at *2 (N.D. Ill. Jun. 18, 2015) (Leinenweber, J.)). And the Seventh Circuit is clear that "the amount of harm that the infringer inflicts goes to the amount of damages . . ." *Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 537 (7th Cir. 1989). Plaintiff provides barely any information at all to support an award of $500,000 per Defendant, let alone show the amount of harm Defendants caused. As Plaintiff provides absolutely no information to allow the Court to make a damages award determination, the Court denies Plaintiff's damages request.

Second, Plaintiff asks this Court to prevent Defendants from transferring any assets out of their financial accounts, without having stated whether any revenue in the financial accounts bears a connection to the infringement at issue. Without any information about the assets in Defendants' financial accounts, much less whether any of the revenue is actually derived from sales of the infringing products in this case, Plaintiff's request poses too great a risk that Defendants (who may very well also sell non-infringing products) will be unfairly burdened. Thus, the Court denies any asset freeze on Defendants' financial accounts.

Since Defendants have defaulted in this matter, the Court will enter Plaintiff's motion as to entry of default, only.

I.  Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for preliminary injunction and grants in part and denies in part Plaintiff's motion for entry of default and default judgment. Plaintiff is directed to submit a proposed order consistent with this Order within 7 days. Hearing scheduled for 9/10/2025 is stricken.

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 9/8/2025